(June 15, 1992)

In the Matter of THOMAS C. NICOTERA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent maintains an office for the practice of law in Rensselaer County where he also serves as a part-time Assistant Public Defender. He was admitted to practice by the Appellate Division, Fourth Department, in 1984.

Petitioner, the Committee on Professional Standards, by petition dated March 9, 1992, accuses respondent of professional misconduct in that he failed to cooperate with petitioner's investigation of inquiries filed against him, failed to comply with petitioner's directives relating to such inquiries, failed to comply with an agreement to reimburse petitioner for the stenographic costs of examinations under oath pursuant to subpoena held in January 1991 and on December 3, 1991 (see, 22 NYCRR 806.4 [e]), and neglected a divorce action.

Respondent has essentially admitted the charges and we find him guilty of the professional misconduct charged and specified by petitioner.

In determining an appropriate disciplinary sanction, we observe that respondent has shown a disregard for his duty to promptly and fully cooperate with petitioner's investigations in at least three matters and with petitioner's directives in at least one matter. He has also failed to comply with this court's July 29, 1991 order directing him to reimburse petitioner $655 within 30 days for the stenographic costs of his examination under oath in January 1991 and has failed to make timely $50 per month installment payments pursuant to his agreement to reimburse petitioner for the stenographic costs of the January 1991 and December 3, 1991 examinations.

Petitioner has calculated the total stenographic costs for the two hearings at $858.70. Respondent has also failed to complete a fairly simple divorce matter for a client.

In aggravation of respondent's misconduct, petitioner cites his prior discipline. In June 1990, respondent received a letter of caution for neglect of an estate and for failure to return telephone calls from a beneficiary and funeral home which had a claim against the estate. In March 1991, petitioner issued a letter of admonition to respondent for his neglect of a client's no-fault claim; his failure to respond to telephone calls and letters from a client and an attorney; his failure to respond to a request for an itemized statement made by a client; his failure to maintain a file; and his failure to cooperate with petitioner and the Rensselaer County Bar Association in their investigation of four inquiries and of his attorney registration status necessitating his appearance for an examination under oath pursuant to subpoena in January 1991.

In mitigation, we note that, although late and under threat of subpoena, respondent has replied to petitioner's inquiries and directives and has paid $100 of the stenographic costs debt. Respondent has also demonstrated the existence of personal problems he has experienced over the past few years, especially a bitter custody, visitation, and child support battle with his ex-wife which has consumed much of his energies during the past year, and extreme financial strains leading to a foreclosure proceeding against his home.

In view of the above circumstances, we conclude that respondent should be censured (see, e.g., Matter of Casey, 75 AD2d 664). Weiss, P. J., Mikoll, Levine, Mercure and Harvey, JJ., concur. Ordered that respondent be and hereby is censured.